UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED PARCEL SERVICE, INC.,

       Plaintiff,

      v.

ECLIPSE IP LLC,

       Defendant.

CIVIL ACTION

NO. 1:11-CV-2138-CAP

**O R D E R**

This patent declaratory judgment action is before the court on (1) the defendant's motion to dismiss for lack of personal jurisdiction [Doc. No. 12], (2) the plaintiff's motion to strike the defendant's reply, and (3) the plaintiff's motion for leave to file a surreply in opposition [Doc. Nos. 21, 23]. The plaintiff's motions are DENIED, and the defendant's motion is DISMISSED with leave to re-file.

**I.  Introduction**

Plaintiff United Parcel Service, Inc., (UPS) filed this action against Eclipse IP LLC (Eclipse) on June 30, 2011 [Doc. No. 1]. Eclipse is the owner (by assignment) of four patents at issue in this case. According to the complaint, Eclipse has enforced these patents against several UPS customers because of the customers' use of electronic shipment notifications that contain embedded links to UPS package tracking information. Although no direct threats of enforcement have been made toward UPS, UPS claims it and its

customers continue to use the notification and messaging technology Eclipse has claimed is covered by the patents. So, UPS seeks a declaration of non-infringement and invalidity of the patents in order to protect UPS and its customers from future enforcement actions.

On August 30, 2011, Eclipse moved to dismiss the complaint for lack of personal jurisdiction [Doc. No. 12]. The "Jurisdiction and Venue" section of the complaint alleges three facts relevant to the personal jurisdiction question and the motion: (1) the named inventor and assignor of the patents, Scott A. Horstemeyer (and his law firm, which prosecuted the patents), resides in this judicial district, (2) "[u]pon information and belief, Mr. Horstemeyer entered into an agreement with Eclipse in this Judicial District in order to assign the [patents] to Eclipse," and (3) "[u]pon information and belief, Mr. Horstemeyer is an agent, principal and/or owner of Eclipse." Compl. ¶¶ 12-14 [Doc. No. 1]. UPS's complaint does not allege any other conduct has occurred in Georgia.

In a succinct four-page brief, Eclipse argues the only basis for personal jurisdiction UPS could gain is specific jurisdiction, and only Eclipse's activities to enforce or defend its patents in this forum can give rise to personal jurisdiction here. Def.'s Mot. to Dismiss 3-4 [Doc. No. 12] (quoting Radio Sys. Corp. v.

Accession, Inc., 638 F.3d 785, 789 (Fed. Cir. 2011)). Eclipse then points to the absence of any enforcement activities in this state, whether directed toward UPS or its customers. Eclipse simply brushes off UPS's jurisdictional allegations, stating: "UPS incorrectly alleges, without support and 'on information and belief,' that Mr. Horstemeyer is 'an agent, principal and/or owner of Eclipse,' [and] Mr. Horstemeyer is none of these things." Id. at 2.

UPS's response in opposition to the motion notes Eclipse did not properly controvert the allegations of the complaint by its naked denial, unsupported by an affidavit. Pl.'s Br. in Opp'n 3-4 [Doc. No. 17] (citing Licciardello v. Lovelady, 544 F.3d 1280, 1285 n.5 (11th Cir. 2008); Autogenomics, Inc. v. Oxford Gene Tech. Ltd., 566 F.3d 1012, 1017 (Fed. Cir. 2009)). Thus, on the basis of its allegations, UPS argues these facts satisfy the requirements of personal jurisdiction over Eclipse. Additionally, UPS requests jurisdictional discovery if the court concludes the existing record is inadequate to determine whether personal jurisdiction is appropriate. Id. at 16-18.

In reply, Eclipse offers affidavits--for the first time--to support its statements that Mr. Horstemeyer is not an agent, principal, or owner of Eclipse. See Def.'s Reply Br. 3-4; Ex. A [Doc. No. 20]. Further, Eclipse raises new arguments in its reply

as to why it would not be subject to personal jurisdiction even if Mr. Horstemeyer was a "shareholder" of Eclipse. Id. Based on these new affidavits and arguments, UPS moved to strike Eclipse's affidavits and reply [Doc. No. 21]. Eclipse responded in opposition [Doc. No. 22].

Almost two months later, UPS filed a motion for leave to file a surreply to the motion to dismiss based on newly discovered facts [Doc. No. 23]: (1) Eclipse recently commenced sending licencing demand letters concerning the patents at issue to various UPS customers, and (2) those letters were sent from Eclipse's counsel here in Georgia. In opposition to the motion, Eclipse argues these letters are irrelevant because the recipients were not residents of this forum and because they were sent after the complaint was filed.

The multiple motions in this case affect the information the court will consider to analyze the underlying question of personal jurisdiction. Like layers of an onion, these motions must be peeled back to reach and address the core issue.

## II. Plaintiff's Motion for Surreply Presenting New Jurisdictional Facts [Doc. No. 23]

UPS presents "new facts" in its motion for surreply to support its claim that this court has personal jurisdiction over Eclipse. These facts are not in dispute, but their applicability is. In the

attached declaration and exhibit, we learn that on January 13, 2012, attorney Matthew Harmon, representing Eclipse, sent licensing demand letters to a number of UPS customers accusing them of infringing the four patents at issue here. Mr. Harmon is a resident of this forum, sending the letters from his office in Atlanta, but apparently none of the UPS customer recipients reside in this forum. See generally [Doc. No. 23-2].

UPS essentially argues that Eclipse's conduct--engaging an attorney in this district to send enforcement letters on its behalf--contradict Eclipse's prior representations about its activities in the forum. So, according to UPS, these activities are contacts in the forum that show Eclipse has availed itself of the benefits of this forum sufficient to provide the court with personal jurisdiction over the defendant. Id. at 3-4 (citing Radio Sys. Corp. v. Accession, Inc., 638 F.3d 785, 789 (Fed. Cir. 2011)).

In response, Eclipse argues, first, that jurisdiction cannot result from activities in the forum **after** the litigation has commenced, especially when the plaintiff's suit caused the defendant to initiate those local contacts. See [Doc. No. 24, at 1-2]. Second, even if the letters were considered, they do not support finding personal jurisdiction because merely sending patent enforcement letters to out-of-state residents does not support personal jurisdiction in a declaratory judgment action. Id. at 3-4

5

(citing <u>Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.</u>, 148 F.3d 1355, 1360 (Fed. Cir. 1998)).

The court agrees with Eclipse that the post-filing contacts should not be considered. While UPS points to non-binding authority for its proposition that post-complaint conduct may be considered to find personal jurisdiction, this appears to be a minority view. <u>See, e.g.</u>, <u>Harlow v. Children's Hosp.</u>, 432 F.3d 50, 62 (1st Cir. 2005) ("[I]n most cases, contacts coming into existence after the cause of action arose will not be relevant."); <u>Pecoraro v. Sky Ranch for Boys, Inc.</u>, 340 F.3d 558, 562 (8th Cir. 2003) ("Minimum contacts must exist either at the time the cause of action arose, the time the suit is filed, or within a reasonable period of time immediately prior to the filing of the lawsuit."); 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1069 (3d ed. Supp. 2012) (reviewing various approaches by courts to timing of requisite contacts); Todd David Peterson, <u>The Timing of Minimum Contacts</u>, 79 Geo. Wash. L. Rev. 101, 131-142 (2010) (criticizing the dearth of analysis in courts' holdings on timing of contacts in personal jurisdiction questions, but noting, nonetheless, there is "general agreement not to count contacts arising after the case is filed" among both general jurisdiction

and specific jurisdiction cases).[1] It is the very "new"-ness of these facts, in addition to Eclipse's reasonable need to engage local counsel after being engaged in this litigation, that make the recent licensing letters from Georgia inappropriate to connect to the personal jurisdiction inquiry. Thus, the motion for leave to file a surreply can be denied on this basis alone.

However, even if the court considered post-filing contacts, these contacts would not justify finding personal jurisdiction exists in Georgia. In reply to this last argument, UPS states "[T]he Federal Circuit has held that hiring an attorney is an appropriate basis on which to find personal jurisdiction in the forum." [Doc. No. 25, at 2] (citing <u>Elecs. for Imaging, Inc. v. Coyle</u>, 340 F.3d 1344 (Fed. Cir. 2003); <u>Sandisk Corp. v. Round Rock Research LLC</u>, No. 3:11-CV-5243-RS (N.D. Cal. Feb. 16, 2012)). But in both the cases UPS cites, the declaratory judgment defendant/patentee hired an attorney **in** the forum state for the purpose of negotiating with the declaratory judgment plaintiff in the forum state. Here, the contact is at best half as much as in

---

[1] In fact, one of the cases UPS cites in its reply brief for a different proposition reached the same conclusion on this point: "There is no dispute that [a meeting between the parties in the forum state] cannot be weighed as a 'contact' for purposes of the jurisdictional analysis, because it had not occurred when the complaint was filed." <u>Sandisk Corp. v. Round Rock Research LLC</u>, No. 3:11-CV-5243-RS, slip op. at 3 (N.D. Cal. Feb. 16, 2012).

those cases: the communicating attorney is in Georgia, but the recipients of the licensing demand letters are not. The Federal Circuit did not find the location of the recipients "irrelevant," as UPS urges, and neither does this court. See Coyle, 340 F.3d at 1350-51 (finding the "totality" of several "relevant contacts" with the defendant's forum, in additional to the presence of the defendant's attorney, constituted purposefully directed activity in the state).

Accordingly, because the "new facts" disclosed in UPS's proposed sur-reply relate to facts that occurred after the complaint was filed and do not justify personal jurisdiction even if they were considered, the court DENIES the motion for leave to file a surreply [Doc. No. 23].

### III. Plaintiff's Motion to Strike the Defendant's Reply in Support of the Motion to Dismiss [Doc. No. 21]

UPS also moves to strike the defendant's reply brief and its attached declarations on the basis that they set forth new facts and arguments for the first time in the defendant's reply. The real fight here is over the reply's declaration by Mr. Horstemeyer, which for the first time disputes the allegations in the complaint. Without his declaration, the factual allegations regarding his involvement with defendant Eclipse, Compl. ¶ 12-14 [Doc. No. 1], are uncontroverted and most be accepted as true. Avocent Huntsville

<u>Corp. v. Aten Int'l Co.</u>, 552 F.3d 1324, 1329 (Fed. Cir. 2008).[2] If his declaration is accepted, however, the court need not assume these facts as true, and UPS's invocation of jurisdiction rests on shakier ground.

UPS justifiably moves to strike the reply and declarations, and the court no doubt would be within its discretion to do so. The factual allegations in paragraphs 12 to 14 are the linchpin of UPS's jurisdictional allegations: No other applicable facts have any connection to this forum, and Eclipse should have known they would be assumed true if not controverted and supported by an affidavit in its original motion. Despite Eclipse's argument that UPS "failed to offer any evidence to support its allegations," [Doc. No. 22, at 7], UPS only had the burden to make a prima facie showing of jurisdiction in its complaint. <u>Avocent</u>, 552 F.3d at 1329. It was Eclipse's own burden to offer evidence in support of its motion to dismiss to contradict the plaintiff's allegations. <u>Id.</u> Eclipse did not controvert UPS's allegations, so no evidence by UPS was necessary.

However, Mr. Horstemeyer's relationship to Eclipse plays too important a role in the jurisdictional issue to completely ignore

---

[2] In patent cases, the law of the Federal Circuit applies to personal jurisdiction issues. <u>Silent Drive, Inc. v. Strong Indus., Inc.</u>, 326 F.3d 1194, 1201 (Fed. Cir. 2003).

his declaration. Therefore, the interest of justice would not be served by striking the defendant's reply. The impact of such a holding could mean the court finds personal jurisdiction based on allegations which are, in fact, not true, despite a declaration that says otherwise. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) ("Personal jurisdiction . . . is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." (internal quotations omitted)). On the other hand, by denying the plaintiff's motion, the court does not have to assume the disputed facts are completely **false** either, and the court may consider the allegations and evidence to make factual findings if necessary. Thus, UPS's motion to strike [Doc. No. 21] is DENIED.

**IV.  Defendant's Motion to Dismiss for Lack of Personal Jurisdiction [Doc. No. 12]**

Having determined the scope of briefing or pleadings relevant to the motion to dismiss, the court now addresses that motion. The court concludes UPS's complaint could make a prima facie showing of jurisdiction, if the allegations are true. Eclipse failed to controvert the allegations of the complaint in its original motion, but it at least called the factual bases of jurisdiction into question. Therefore, the court finds jurisdictional discovery as requested by UPS to be appropriate in this case. Accordingly, the

court DISMISSES Eclipse's motion to dismiss, rather than granting or denying it, with leave to re-file after the jurisdictional discovery is complete.

### A.    Legal Standard

Because UPS seeks only declarations of non-infringement and invalidity, Federal Circuit law governs the personal jurisdiction issue. Silent Drive, Inc. v. Strong Indus., Inc., 326 F.3d 1194, 1201 (Fed. Cir. 2003).

UPS argues jurisdiction is proper based on both general and specific jurisdiction. "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 317 (1945)). "Specific jurisdiction, on the other hand, depends on an 'affiliation between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State." Id.

A court's exercise of specific jurisdiction over an out-of-state defendant must be "consistent with both the forum state's long-arm statute and the requirements of due process." Radio Sys. Corp. v. Accession, Inc., 638 F.3d 785, 788–89 (Fed. Cir. 2011).

11

The first prong of the Georgia long-arm statute--and the one on which the plaintiff relies in its brief--confers personal jurisdiction over a resident who "[t]ransacts any business" within Georgia. O.C.G.A. § 9-10-91(1). The "transacts any business" prong provides personal jurisdiction over any person who transacts any business in Georgia, and thus its reach is limited to the extent permitted by due process. Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames, 620 S.E.2d 352, 355 (Ga. 2005).

Once a statutory basis for long-arm jurisdiction is established, the remaining question is whether the exercise of personal jurisdiction comports with due process. The Federal Circuit applies a three-prong test to determine if the exercise of personal jurisdiction over a defendant satisfies the requirements of due process, considering whether (1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair." Breckenridge Pharm., Inc. v. Metabolite Labs., Inc., 444 F.3d 1356, 1363 (Fed. Cir. 2006). As to the third prong of this test, "the burden of proof is on the defendant, which must 'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable' under the five-factor test articulated by the Supreme

Court in <u>Burger King</u>." <u>Id.</u> (quoting <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 476-77 (1985)).[3]

**B.   Analysis**

As an initial matter, the court concludes the Georgia long-arm-statute is satisfied. To transact business in Georgia, "a defendant need not physically enter the state." <u>Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.</u>, 593 F.3d 1249, 1264 (11th Cir. 2010). "Transact means to prosecute negotiations, to carry on business, to carry out, or to carry on." <u>Id.</u> at 1264 n.18 (internal quotation omitted). A nonresident defendant's "mail, telephone calls, and other 'intangible acts'" that occur outside of Georgia must be examined to determine "whether it can fairly be said that the nonresident has transacted any business within Georgia." <u>Id.</u> at 1264 (quoting <u>Innovative Clinical</u>, 620 S.E.2d at 355-56).

Eclipse does not dispute that it negotiated with Mr. Horstemeyer, a Georgia resident, for the assignment of the patents at issue. "The 'transacts any business' prong of the long-arm statute applies to nonresidents who conduct 'any' business in

---

[3] Those five factors are: (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social problems. <u>Burger King</u>, 471 U.S. at 476-77.

Georgia, which means 'to any extent' or 'in any degree.'" <u>United States v. Billion Int'l Trading, Inc.</u>, No. 1:11-CV-2753-WSD, 2012 WL 1156356, at *3 (N.D. Ga. Apr. 5, 2012) (quoting <u>Diamond Crystal Brands</u>, 593 F.3d at 1264 n.18). Thus, the court concludes this conduct satisfies the Georgia long-arm-statute's requirement for personal jurisdiction.

The Federal Circuit Court of Appeals has explained the relationship between the declaratory judgment plaintiff's claims and the defendant's conduct when examining specific jurisdiction.

> [A]n action for a declaratory judgment "arises out of or relates to the activities of the defendant patentee in enforcing the patent or patents in suit," and . . . the relevant inquiry for specific jurisdiction is "to what extent the defendant patentee purposefully directed such enforcement activities at residents of the forum and the extent to which the declaratory judgment claim arises out of or relates to those activities." Thus, only those activities of the patentee that relate to the enforcement or defense of the patent can give rise to specific personal jurisdiction for such an action.

<u>Radio Sys. Corp.</u>, 638 F.3d at 789 (quoting <u>Avocent Huntsville Corp. v. Aten Int'l Co.</u>, 552 F.3d 1324, 1332 (Fed. Cir. 2008)).

Some of the activities the Federal Circuit has found "relate to" the enforcement of a patent include "initiating judicial or extra-judicial patent enforcement within the forum, or entering into an exclusive license agreement or other undertaking which imposes enforcement obligations with a party residing or regularly doing business in the forum." <u>Avocent</u>, 552 F.3d at 1334. It is

14

undisputed that Eclipse has done none of these in this forum. On the other hand, "the defendant patentee's own commercialization activity does not" reflect the kind of "other activities" that support specific personal jurisdiction in a declaratory judgment action. Id. at 1335.

One of UPS's arguments is that Eclipse's licensing and enforcement is "based on its assignment contract with a resident of this Judicial District, Mr. Horstemeyer, and the negotiations related to that contract," and that the claims UPS brings in this suit "relate to Eclipse's purchase of the Patents-in-Suit from Mr. Horstemeyer" in this district. Pl.'s Br. in Opp'n 13-14 [Doc. No. 17]. "Without that assignment, Eclipse could not have attempted to enforce" the patents. Id. at 14.

This is a step too far removed for the "relate to" or "arise out of" inquiry to support a finding of specific jurisdiction. True, Eclipse could not enforce the patents if it didn't own them. But owning patents is not the same as enforcing them, and it is the "activities . . . that relate to the enforcement or defense of the patent" that gives rise to specific personal jurisdiction. Radio Sys. Corp., 638 F.3d at 789.[4] At best, Eclipse's purchase looks

---

[4] The fact that Mr. Horstemeyer originally prosecuted the patent(s) from within Georgia is even further removed from Eclipse's present enforcement activities.

more like commercialization activities, which do not support specific jurisdiction. While the court in <u>Avocent</u> was referring to standard patent "commercialization" activities such as making, using, or selling a product covered by the patent, here Eclipse's only commercialization **is** licensing (or enforcement) of its patents.

Thus, the court will not hold it against Eclipse that it acquired the subject patents in this jurisdiction. If the acts of making, using, or selling a product covered by a patent "do not, in the jurisdictional sense, relate in any material way to the patent right that is at the center of any declaratory judgment claim," <u>Avocent</u>, 552 F.3d at 1336, then neither can a mere assignment contract of the same patent.[5] Simply put, acquiring a patent, even if for the ultimate purpose of enforcement or defense, is not itself "enforcement or defense" of the patent, and it therefore cannot give rise to specific personal jurisdiction alone.

On the other hand, if Mr. Horstemeyer has some **continuing** role in Eclipse's business (at least at the time UPS filed its complaint), which appears to substantially include the enforcement of its patent portfolio, by way of the assignment contract or some

---

[5]   The reference to a "mere assignment contract" here contemplates an arms-length transaction, where the transferor walks away with some payment (or perhaps a royalty) in exchange for all rights to the patents.

other agreement, his connection may be sufficient to establish personal jurisdiction. UPS alleges, on information and belief, that he is "an agent, principal, and/or owner of Eclipse." Compl. ¶ 14 [Doc. No. 1]. Eclipse and Mr. Horstemeyer dispute this, but not until the reply brief and attachments. See [Doc. Nos. 20, 20-1].

If Mr. Horstemeyer does have a role in Eclipse's enforcement activities, then the prerequisites for personal jurisdiction may indeed be satisfied. At minimum Eclipse would have a significant, ongoing contact with a resident of this forum related to Eclipse's enforcement to justify specific jurisdiction[6]; or his connection to Eclipse may be so strong as to create a "continuous and systematic" presence within the forum to give general jurisdiction over Eclipse. But if UPS's allegation is entirely false, then there is insufficient conduct within the forum to satisfy the requirements of due process, and the court would not have jurisdiction.

### C. Plaintiff's Request for Jurisdictional Discovery

Thus, the court concludes the truth about Mr. Horstemeyer's relationship to Eclipse must be settled before the court can rule on the motion to dismiss. On the papers as presented, the court

---

[6] Eclipse has not argued the court's exercise of personal jurisdiction over it would not "comport with fair play and substantial justice," despite the fact it would be Eclipse's burden to show jurisdiction would be unreasonable under the Burger King analysis. Burger King, 471 U.S. at 476-77; Breckenridge, 444 F.3d at 1363. Thus, it has waived this avenue in support of its defense.

cannot find Mr. Horstemeyer has no role in Eclipse's enforcement activities, nor can the court find he does. Accordingly, the court concludes the existing record is inadequate to determine whether personal jurisdiction exists, and the court DISMISSES the defendant's motion to dismiss [Doc. No. 12] in favor of conducting jurisdictional discovery.

In its opposition to the motion to dismiss, UPS requests jurisdictional discovery on the following topics: "i) Eclipse's ownership and its relationship with both Mr. Horstemeyer and ArrivalStar; ii) Eclipse's negotiations with Mr. Horstemeyer for, and subsequent purchase of, the Patents-in-Suit; and iii) any other of Eclipse's enforcement-related activities with regard to the Patents-in-Suit, such as demand letters, directed at entities in this Judicial District." Pl.'s Br. in Opp'n 17-18 [Doc. No. 17] (footnote omitted). UPS asks for ten Requests for Production, five Interrogatories, a 30(b)(6) deposition of Eclipse, and a third-party deposition of Mr. Horstemeyer. Id. at 18.

In its reply brief and in response to UPS's request for discovery, Eclipse chose to argue only that UPS is not entitled to any discovery. Eclipse did not alternatively object to any particular topics or propose more limited discovery.

Therefore, the court ORDERS jurisdictional discovery in this case, exactly as requested by UPS. The jurisdictional discovery

period shall commence immediately and continue through and including August 17, 2012. Should the parties not be able resolve the jurisdictional issue between themselves once the facts are known, Eclipse may file a (properly supported) renewed motion to dismiss after the close of discovery, if it chooses.

**V.   Conclusion**

For the reasons discussed, the plaintiff's motions for surreply and to strike [Doc. Nos. 21, 23] are DENIED. The defendant's motion to dismiss for lack of personal jurisdiction [Doc. No. 12] is DISMISSED with leave to re-file.

The jurisdictional discovery period shall commence immediately and end on August 17, 2012. The defendant is given leave to re-file its motion to dismiss for lack of personal jurisdiction based on the information gained during discovery on or before August 31, 2012. Any response in opposition must be filed within fourteen days of the defendant's motion, and the defendant may file a reply brief within fourteen days of such response.

SO ORDERED, this  3rd  day of July, 2012.


/s/Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge

19